# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RICHARD MAXIMUS STRAHAN,

    *Plaintiff*,

v.

MICHAEL PENTONY *et al.*,

    *Defendants*.

Civil Action No. 21-1131 (TJK)

## ORDER

On February 22, 2022, Defendant Arthur Sawyer filed a Motion to Dismiss in the above-captioned action. ECF No. 71.

It is hereby **ORDERED** that Plaintiff shall file his response to Defendant's Motion by April 4, 2022. Because consideration of the Motions could potentially dispose of the case, Plaintiff, who is proceeding *pro se*, is advised of the following:

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam), the Court of Appeals held that a district court must notify a *pro se* party of the consequences of failing to respond to a motion that, if granted, would result in the end of the lawsuit. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. In addition, the Court's local rules concerning dispositive motions require that "[w]ithin 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion . . . [or] the Court may treat the motion as conceded." Local Civil Rule 7(b).

Furthermore, the Court may treat as conceded any unopposed arguments Defendants advance in support of their Motions.  *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citing *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997)), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004).

<u>If Plaintiff fails to file a timely response to Defendant's Motion, the Court may treat it as conceded and, if circumstances warrant, dismiss the case.</u>

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 23, 2022