UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA

Civil Action No. **21-cv-01131-TJK**

**MAN AGAINST XTINCTION** as *Citizen Attorney General*

v.

MICHAEL PENTONY, ET AL. as *Defendants*

14 March 2022

---

CITIZEN ATTORNEY GENERAL MAN AGAINST XTINCTION'S PETITION
TO STRIKE DEFENDANTS NOAA/NMFS "NOTICE OF SUBSTITUTION" **FN1**

---

The Citizen Attorney General — Man Against Xtinction — SPEAKS.

I am PEITIONING the court to STRIKE the Defendants NOAA/NMFS 7 February 2022 "United States' Notice of Substitution on Count X" ("Notice of Substitution") and its associated documents. I am a *pro se* non-attorney plaintiff who has been designated indigent by the Court. The said "Notice to Vacate" is nothing less than an attempt by DOJ employee grosko to violate my First Amendment right to petition the court. My claims in Counts IV (*Bivens* claim) and X (Massachusetts Civil Rights Act) in my 2nd Amended Complaint against Defendant Pentony are against him as an individual for constitutional violations and not against him as any employee of NOAA/NMFS doing their job. I am claiming that Pentony usurped his employee authority to bully and harass other NMFS employees top coerce them into not talking to me in retaliation for my suing these agencies for their ongoing conduct prohibited under the Endangered Species Act.

I am now asking the Court to STRIKE the "Notice of Substitution" as unlawfully filed. It is a ruse committed by the DOJ/grosko against both me and the Court. They filed the "Notice of Substitution" in Bad Faith to maliciously trick the court into ruling that I was suing the United States for monetary damages under the Massachusetts Civil Rights Act. This is simply a fabricated falsehood by the DOJ and grosko. Once again, my 2nd Amended complaint is only claiming that Pentony is exploiting his status as a regional director for NMFS to bully lower

---

[1] The instant petition is brought pursuant to M.A.X's First Amendment's protected authority to petition the Court.

ranked NMFS employees in order to intimidate and coerce them into not talking to me to serve his own private vested interests. In doing so, Pentony is retaliating against my petitioning the courts and politically organizing Public support to enforce the ESA Section 9 prohibitions against the marine fisheries. This retaliation is also a violation of my First Amendment protected right to petition the government and enjoy Free Speech.

I am not claiming in my 2nd Amended complaint that there is any NMFS policy – illegal or not – that requires NMFS employees to not directly communicate with plaintiffs in current civil actions against NMFS. I only use the phrase "Gag Order" to euphemistically refer to Pentony's bullying of his fellow employees and not to mean his enforcement of any NMFS policy.  I believe there is no such policy. As evidence I point to the fact that NMFS Atlantic Large Whale Take Reduction Team (ALWTRT) has members appointed to it who are currently suing NMFS in civil actions before the court. This includes Defendant Jane Davenport and the WINGO Defenders of Wildlife. Every plaintiff in *Center for Biological Diversity v. Ross* before Judge Boasberg serves on the ALWTRT. Pentony's Gag Order is only an act of his personal making.

Yet, the DOJ/grosko implies in its Notice of Substitution that such a discriminatory official NMFS policy actually does exist. It uses this deliberate ruse to fraudulently con the court into ignoring my suing Pentony as an invidious individual defendant and instead pretend that I am suing the United States instead of just Pentony for monetary damages. I maintain that Pentony Gag Order was probably started at the urging of DOJ employee Fred Turner and other DOJ employees who wanted Pentony  to start bullying NMFS employees to coerce them into not talking to me just so these DOJ employees could look good prevailing in the NH District Court.

The bottom line legally is that the Massachusetts Civil Rights Act – that is the basis of Count X of my 2nd Amended Complaint -- can only be used against private individuals.  It cannot be used against government actors. Massachusetts state courts have made this very clear. In *Commonwealth  v. ELM Medical Laboratories, Inc*., 33 Mass.App.Ct. 71596 N.E.2d 376 (Mass. 1992) the Massachusetts appeals court ruled such. **See Exhibit #1**

> "Neither the language of the statute nor its legislative history supports the argument that the Commonwealth is a "person." Certainly the use of the word "person" does not **\*77** call for that result, for that word is not ordinarily construed to include the State. See *Kilbane v. Secretary of Human Servs.,* 14 Mass.App.Ct. 286, 287–288,

> 438 N.E.2d 89 (1982), where the authorities are collected. See also *Will v. Michigan Dept. of State Police,* 491 U.S. at 64, 109 S.Ct. at 2308 ("in common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it"). The definition of a "person" in G.L. c. 4, § 7, cl. twenty-third, includes such nonanimate entities as corporations, societies, associations and partnerships but not the Commonwealth or its departments."

The Massachusetts courts do not allow anyone to bring a MCRA claim against any state actor acting in its official capacity. The MCRA cannot be used to seek money damages from either the state or federal government.

Count X of my Amended Complaint cannot be lawfully interpreted as a claim against the United States let alone that I do mean to be anything but a claim against Pentony as an individual. I will also show that the DOJ's "Notice of Substitution" is simply the DOJ's self-serving attempt to keep Pentony from testifying in his defense that the DOJ employees goaded him into unlawfully coercing NMFS employees not to talk to me.

The DOJ's fraudulent Notice of Substitution is based on Congress adoption of a statutory immunity for federal employees in response to SCOTUS decision in *Westfall v. Erwin*, 484 U.S. 292 (1988). In response Congress passed the Federal Employees Liability Reform and Tort Compensation Act of 1988 which is codified at 28 USC 2679. This statute only concerns giving absolute immunity to federal employees to tort lawsuits brought against them for injuries they inflicted on private citizens as government actors when they acted within the discretionary scope of their employee authority.

The boundaries of this immunity under the statute is that it does not apply to any civil rights action wherein the government employee is accused of violating the plaintiff's constitutional rights. This is so blatant that the DOJ relevant policy manual on this statute explicitly directs DOJ employees to not employ it against the very constitutional claims that I am bringing against Pentony –

> "The general rule at common law was that in order for a government official to be protected by absolute immunity for common law torts, not only did the official have to be acting within the outer perimeter of his/her official duties, but the conduct at issue also had to be discretionary in nature. *Westfall v. Irwin*, 484 U.S. 292, 297-298 (1988). … However, the immunity conferred by FELRTCA does not extend or apply to suits against federal employees for violation of the Constitution or federal

<mark>statutes.</mark> [emphasis added] Thus, government officials sued for constitutional torts continue to be protected only by qualified immunity." **FN2**

At no point in the Notice of Substitution did the DOJ/grossko claim that either my 2nd Amended Complaint or the Defendants NOA/NMFS are claiming that Pentony was only acting to carry out an official government policy that prohibits employees from talking directly to any plaintiff suing his agency employer. Upon information and belief for the purposes of FRCP Rule 12 stage of the proceedings, I am claiming that no such policy has ever been adopted by NMFS/NOAA.

My Count X makes a claim for a violation of the Massachusetts Civil Rights Act. This claim is inherently a claim that Pentony violated my constitutional rights. It's the state's version of the Civil Rights Act that covers all private actors and not just state actors. As stated above, the Massachusetts Supreme Judicial Court has ruled that claims under MCRA cannot be brought against government employees even if they are acting to enforce agency adopted unconstitutional laws or government policies.

As part of DOJ/grosko's Notice of Substitution filing he attached a document signed by another DOJ employee named "C. Salvatore D'Alessio, Jr." that is self-described as the "Acting Director of the Torts Branch, Civil Division, United States Department of Justice." The DOJ/grosko claim that "[D'Alessio] has certified that at the time of the alleged conduct underlying Count X, Mr. Pentony was acting in the scope of his employment." At no point does D'Alessio or the Notice of Substitution attempt to describe the basis for its claim that I am not suing Pentony as an individual who was "acting outside of his authority as a government employee" to violate my constitutionally protected rights and he is still doing so. This is why I am seeking a permanent injunction against Pentony. I hope the court remembers from law school the difference between equitable claims and legal claims.

I am claiming that D'Alessio's is either a complete act of fraud on his part or just an act of fraud by grosko in which D'Alessio was inadvertently made a co-conspirator by grosko. There is no known document referenced in the instant action's docket filings or

---

[2] See https://www.justice.gov/jm/civil-resource-manual-33-immunity-government-officers-sued-individuals

referenced by D'Alersio that allowed him to make a finding that NOAA/NMFS has an official policy barring employees from communicating with parties in litigations involving these agencies or that even read a copy of the pleadings.

Subsequent to the filing of the Notice of Substitution, I served a FOIA request on the DOJ to obtain the administrative record of D'Alessio's said certification and on NOAA/NMFS to get a policy of any such official Gag Order that Pentony might have enforce on his fellow employees. NOAA/NMFS response to my FOIA requests was that they could not produce a record of any such policy and advised me to appeal. The DOJ claimed that it could not produce the administrative record.

On 10 March 2022, I then contacted by phone DOJ's information policy office to discuss my FOIA request. I spoke with an employee I will preserve its anonymity as a whistle blower. He told me that there is no DOJ policy that stops him or any other DOJ employees from speaking directly with any plaintiff who commenced a lawsuit against the DOJ and some other employee. I contacted by phone a NOAA employee by phone whose anonymity I will also preserve. It told me that it knew of no NOAA policy that barred any employee from directly communicating with a plaintiff whose lawsuit named NOAA as a defendant.

As part of DOJ/grosko's fraudulent scam to turn my claims against Pentony into tort actions against the United States, in his FRCP Rule 12 motion/memo that he filed with the court, grosko made a similar fraudulent claim that the Court must dismiss my *Biven's* claim against Pentony also since the injunctive relief I sought was one only asking the agency to enforce a government policy which Pentony could not be expected to deliver and thus my claim could not meet the redressability requirement of Article III standing. This is wholly a fabrication by grosko deliberately intended to violate my First Amendment right to petition the Court.

**Summary**

The Court must strike the DOJ/grosko's Notice of Substitution. If the court claims that my Count X MCRA claim constitutes an unlawful tort claim against the US, then it simply can dismiss it. But it is not such a claim. It is a claim against Pentony as an

individual and NOT the US government. I am the one – and not even the court -- who gets to say what claims I am bringing to the court.

The First Amendment protect my right to petition any claim I want to the court. The court can then deny it or grant it. What the court cannot due is convert it or substitute another claim for it.

The *Federal Employees Liability Reform and Tort Compensation Act of 1988* "substitute language" is only applicable to tort claims brought against a federal employee in state court. It allows the state tort claim to be "substituted" to turn the state torts claim into a Federal Tort Claim Act claim only to allow the state lawsuit to be transferred to a federal court. That is it. It does not allow a court to do a favor for the DOJ to unlawfully dismiss a state civil rights act claim against a federal employee accused of committing a crime by just claiming it's a tort claim against the US government.

For the Above reason, Strahan asks the Court to grant his requested relief.

BY:

/s/ Richard Maximus Strahan
_____
Richard Maximus Strahan as Man Against Xtinction
Citizen Attorney General
83 Main Street, 6080 GSS
Durham NH 03824
617-817-4402

I hereby certify that a copy of the above document has been served VIA ECF Filing system on this date.

_____
Richard Max Strahan, Citizen Attorney General

YES, I hereby certify under LE7M that I POINTLESSLY informed the defendants attorneys that I intended to file the above document.

_____
Richard Max Strahan, Citizen Attorney General

# Exhibit #1